**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Buckeye Cablevision, Inc. | : | Case No. 3:04 CV 7451 |
| Plaintiff, | : | |
| vs. | : | |
| Karl Nagy | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Parties to this unauthorized interception of cable system case, filed pursuant to 47 U. S. C. §§ 553(a)(1)[1], 605(a)[2] and OHIO REV. CODE § 2307.62[3], consented to the jurisdiction of the undersigned

---

[1] No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] No person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception.

[3] The owner and operator of cable television or communication systems may commence a civil action against persons who deprive the owner or operator of gross profits.

1

United States Magistrate Judge according to 28 U. S. C. § 636(c). Pending is Plaintiff's unopposed Motion for Summary Judgment (Docket No. 11). For the reasons that follow, Plaintiff's Motion for Summary Judgment is granted.

## FACTUAL BACKGROUND

Plaintiff, Buckeye Cablevision, Inc., is a cable system franchise that is located in Lucas County, Ohio, and operates cable television systems in various counties in Ohio (Docket No. 1, ¶ 7). Plaintiff offers various programming packages to subscribers of their services, which are transmitted from their reception facilities and re-transmitted to their subscribers' homes. Plaintiff provides each subscriber with a device known as a "converter" which converts the cable television signals into different "channels" which subscribers may view on their television sets (Docket No. 1, ¶s 8, 11-12). Defendant, Karl Nagy, is a Wood County resident and subscriber of Plaintiff's cable television services (Docket No. 1, ¶ 4).

Plaintiff alleges that Defendant illegally purchased or obtained one or more "pirate" cable television de-scrambling and decoding devices and intentionally and with specific knowledge, obtained Plaintiff's services without Plaintiff's authorization (Docket No. 1, ¶ 20-21). Plaintiff further contends that the aggregate loss of services through Defendant's actions exceeds $75,000 and that Defendant's actions are

a violation of the Federal Communication Act of 1934 as amended[4] and OHIO REV. CODE § 2307.62 (Docket No. 1, ¶ 5, 25).

Plaintiff filed this case in federal court and seeks declaratory relief indicating that Defendant used unauthorized equipment to obtain cable services without payment. Plaintiff also seeks to enjoin Defendant from the sale and distribution of equipment that may be used to illegally intercept cable programming services. Plaintiff also seeks statutory, compensatory, and exemplary damages as well as attorneys' fees and litigation costs.

## SUMMARY JUDGMENT STANDARD

The summary judgment procedure is designed to dispose of cases wherein there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)).

---

[4]The Federal Communication Act of 1934 was amended and supplemented by the Communications Act of 1984 to address the theft of cable. H. P. REP. NO. 98-934 at 83 (1984), reprinted in 1984 U.S.C.C.A.N. 4655, 4720. These provisions were intended to address "the growing practice of individuals taking down satellite delivered programming for private, home viewing by means of privately owned backyard earth stations." *See* 1984 U.S.C.C.A.N. at 4745. "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication *** and use such communication for his or her own benefit or for the benefit of another not entitled thereto." COMMUNICATIONS ACT OF 1934, § 705(a), as amended, 47 U. S. C. § 605(a) (2005); *National Satellite Sports, Inc. v. Eliadis*, 253 F.3d 900, 911 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 1127 (2002).

The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S. CT. . 2548, 2552-2553 (1986). In the face of Plaintiff's properly supported Motion for Summary Judgment, the Defendant cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Incorporated*, 106 S. Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Co.*, 88 S. Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support defendant's position will be insufficient; there must be evidence on which a jury could reasonable find for the defendant. *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. CT. . 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 S. Ct. at 2513 (*citing Addickes v. S.H. Kress & Co.*, 90 S. Ct. 1598, 1609-1610 (1970)). The Court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id.* If after deciding the dispute about a material fact is genuine, summary judgment must be denied.

## **DISCUSSION**

On July 28, 2004, Plaintiff filed a complaint in federal court alleging defendant's unauthorized and illegal use of its cable television services (Docket No. 1). In his answer filed on September 24, 2004, Defendant denied that he had engaged in the unauthorized reception of Plaintiff's programing using illegal equipment, denied purchasing or obtaining illegal equipment for the use of unauthorized reception of cable

4

services, and denied using any devices to de-scramble cable services with the intent and specific knowledge of obtaining services without payment (Docket No. 5, ¶6).

On December 17, 2004, Plaintiff served Defendant's counsel Request for Admissions pursuant to FED. R. CIV. P. 36 (Docket No. 9, ¶ 1). Under FED. R. CIV. P. 36, Defendant had 30 days to respond or the statements would be deemed admitted. On February 10, 2005, Plaintiff mailed a letter via regular mail to Defendant's counsel in which Plaintiff requested return of the Request for Admissions within 30 days (Docket No. 11, Affirmation of Wayne D. Lonstein Esq., ¶ 8). When Defendant failed to respond, Plaintiff filed a Notice of Facts Deemed Admitted pursuant to FED. R. CIV. P. 36 (Docket No. 10). Plaintiff now contends that because there are no issues of genuine fact, the Court should grant its Motion for Summary Judgment (Docket No. 11).

A district court has considerable discretion in allowing a party to withdraw or amend admissions. *Kerry Steel v. Paragon Industries*, 106 F.3d 147, 154 (6th Cir. 1997). However, if a party fails to respond to a Request for Admission within 30 days or fails to seek an order from the court allowing withdrawal, amendment, or an extension to file, the court may deem the facts admitted and grant summary judgment based on the admissions. FED. R. CIV. P. 36. Plaintiff sent a letter to Defendant's attorney nearly one month after the 30 day deadline for responding and asked that the Request for Admissions be returned within 30 days. Thus, Plaintiff provided Defendant a period of time nearly three times longer than that required by FED. R. CIV. P. 36. Defendant, however, has failed to respond to the Request for Admissions seven months after the original Request was mailed. Further, Defendant also failed for respond to the Motion for Summary Judgment filed on April 12, 2005. Defendant has failed to plead or otherwise respond; therefore, the Magistrate will deem the facts in the Request for Admissions admitted.

Since there are no genuine issues of material facts, the Magistrate grants Plaintiff's Motion for Summary Judgment.

So ordered.

/s/ Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge
